IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James A. Bryant, #315781, | ) | |
| | ) | C.A. No.: 4:07-3904-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Matthew J. Modica, Asst. Solicitor; Johnell | ) | |
| Spankman, Detective; and David Altman, | ) | |
| Detective, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

The Plaintiff filed objections to the Report and Recommendation on March 20, 2008. There is some question as to whether the objections were timely filed, since it appears that Plaintiff failed to include the complete address of the Clerk of Court the first time he attempted to file his objections.

1

Plaintiff was directed in the Notice attached to the Report to mail any objections to the Clerk at Post Office Box 2317; Florence, SC 29503. However, the plaintiff mailed the objections to "United States District Court, District of South Carolina, Clerk's Office, Florence, SC 29504." The objections were due on March 10, 2008 and were not delivered to the prison mail room with the correct address affixed until March 19, 2008.  Therefore, the Court finds that they are untimely and should not be considered. However, the Court has additionally reviewed the objections and finds them to be without merit.

Plaintiff first contends that the case should not be dismissed pursuant to 28 U.S.C. § 1915 on the basis that the court has "ignored the standard set forth in Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)."  It appears that Plaintiff is arguing that, as a *pro se* litigant, he has not been given an adequate opportunity to state facts in support of his claim.  However, the procedure followed by the Magistrate Judge of screening the case prior to service is specifically provided for by statute and the Magistrate Judge properly followed the process set forth by statute.

Plaintiff next contends that the assistant solicitor should not be granted prosecutorial immunity for his alleged constitutional violations in connection with the positions that he took at Plaintiff's bond hearing.  This argument lacks merit, as "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 483 (1991).

Finally, Plaintiff requests the Court to issue an order "not tolling the time to file this claim until Plaintiff has his Georgetown County conviction invalidated." (Objections, p. 2).  If the plaintiff is requesting the Court to stay this action until he has completed an appeal in state court of his conviction, due to the finding by the Magistrate Judge that the case should be dismissed under Heck v. Humphrey,

2

512 U.S. 477 (1977),  such a motion is denied.   The Supreme Court in <u>Heck</u> specifically held that

"when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;

if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

sentence has already been invalidated."

     After a thorough review of the Report and Recommendation and the record in this case, the court

overrules all objections, adopts Magistrate Judge Rogers' Report and Recommendation, and

incorporates it herein.  It is therefore

     **ORDERED** that the complaint in this action is dismissed without prejudice and without

issuance and service of process.

     **IT IS SO ORDERED.**


                        s/ R. Bryan Harwell
                        R. Bryan Harwell
                        United States District Judge

Florence, South Carolina
April 29, 2008

3